# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ELICE FONTAINE,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A., a/k/a FIRST MAGNUS FINANCIAL CORPORATION, A DIVISION OF BANK OF AMERICA, N.A. and f/k/a FIRST MAGNUS FINANCIAL CORPORATION; THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDER OF CWMBS, INC. CHL MORTGAGE PASS THROUGH TRUST 2006-3, MOTGAGE PASS THROUGH CERTIFICATE SERIES 2006; MERSCORP HOLDINGS, INC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); RECONTRUST COMPANY, N.A.; CLEAR RECON CORP; and DOES 1 through 10 inclusive,<br><br>　　　　　　Defendants. | CASE NO. 14cv1944-WQH-DHB<br><br>ORDER |

HAYES, Judge:

　　The matters before the Court are the Motion for Leave to Amend (ECF No. 26) and the Motion for Reconsideration (ECF No. 30).

## I. Background

On August 20, 2014, Plaintiff, proceeding *pro se*, initiated this action by filing a Complaint against Defendants Bank of America, N.A. ("Bank of America"), The Bank of New York Mellon, Merscorp Holdings, Inc., Mortgage Electronic Registrations Systems, Inc. ("MERS"), ReconTrust Company, N.A. ("ReconTrust"), Clear Recon Corp. ("Clear Recon"), and Does 1 through 10. (ECF No 1).

On October 20, 2014, Defendants Bank of America, The Bank of New York Mellon, MERS (appearing on behalf of itself and Merscorp Holdings, Inc.), and ReconTrust filed a motion to dismiss the Complaint.[1] (ECF No. 13). On January 7, 2015, the Court issued an Order granting the motion to dismiss and dismissing the Complaint without prejudice. (ECF No. 21).

On February 18, 2015, Plaintiff filed the Motion for Leave to Amend. (ECF No. 26). On February 19, 2015, Plaintiff filed the Motion for Reconsideration (ECF No. 30), requesting that the Court reconsider its January 7, 2015 Order. On March 10, 2015, Defendants Bank of America, N.A., The Bank of New York Mellon, MERS, and ReconTrust Company filed an opposition to the Motion for Reconsideration. (ECF No. 37). On March 10, 2015, Defendant Clear Recon Corp. filed an opposition to the Motion for Reconsideration and Motion for Leave to Amend. (ECF No. 38). On March 19, 2015, Plaintiff filed a reply in support of her Motion for Reconsideration. (ECF No. 40).

## II. Motion for Leave to Amend (ECF No. 26)

Plaintiff's Motion for Leave to Amend provides: "Plaintiff hereby complies with the Court's ORDER, in the premises of the above this Plaintiff *pro se* requests that this Court grant Plaintiff's Motion for Leave to Amend and such other relief as the court deems just, proper and equitable." (ECF No. 26 at 2). Defendant Clear Recon opposes leave to amend. Defendant Clear Recon contends that Plaintiff's motion fails to provide

---

[1] On November 24, 2014, Defendant Clear Recon filed a Notice of Joinder to Defendants' Motion to Dismiss. (ECF No. 18).

any grounds for amendment and fails to provide a proposed amended complaint. Defendant Clear Recon contends that the failure to provide a proposed amended complaint is grounds for denial of a motion for leave to amend. Defendant contends that amendment will be futile because Plaintiff will make no attempt to cure the deficiencies of her Complaint that were identified by the Court in its January 7, 2015 Order.

Federal Rule of Civil Procedure 15 states: "A party may amend its pleading once as a matter of course...." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's consent or the courts leave." Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the motion and Defendant Clear Recon's opposition, and in light of Plaintiff's *pro se* status, the Court concludes that Defendant Clear Recon has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the first amended complaint until after the first amended complaint is filed. *See Netbula v.*

1  *Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

Plaintiff's Motion for Leave to Amend is granted.

**III.  Motion for Reconsideration (ECF No. 30)**

Plaintiff contends that this Court erred by dismissing the Complaint "without providing instruction on how to repair" the Complaint, in light of Plaintiff's *pro se* status. (ECF No. 30 at 2). Plaintiff contends that this Court erred by dismissing Plaintiff's intentional non-disclosure claim because "Defendants have refused to identify the holder of the Note and Deed of Trust" and have clouded her title through securitization of her mortgage loan. *Id.* at 3. Plaintiff contends that this Court erred by dismissing Plaintiff's missing recorded documents claim because "Plaintiffs have the right to dispute the assignments" of their mortgage loans. *Id.* at 5. Plaintiff "seeks the courts [sic] instructions on how the Plaintiff's pleadings were deficient and request instructions on how to repair said pleadings." *Id.*

Defendant Clear Recon contends that Plaintiff has failed to identify any change in law or new evidence that justifies reconsideration of the Court's January 7, 2015 Order. Defendant Clear Recon contends that Plaintiff does not identify a change in law by citing cases that were published at the time her opposition was filed, but were not cited in her opposition. Defendant Clear Recon contends that the Court is not required to "help Plaintiff 'fix' her pleadings." (ECF No. 38 at 5). Defendant Clear Recon contends that the Court was correct in finding that Plaintiff lacks standing to challenge the securitization of her mortgage loan.

Defendants Bank of America, The Bank of New York Mellon, MERS, and ReconTrust contend that Plaintiff has failed to come forward with new evidence or law to justify reconsideration. Defendants contend that the Court did not err in dismissing the Complaint and that the Court gave sufficient reasons why the Complaint failed to state a claim.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial resources." *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

"[B]efore a district court may dismiss a *pro se* complaint for failure to state a claim, the court must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

The Court's January 7, 2015 Order provided Plaintiff with law relevant to Plaintiff's claims and "notice of the deficiencies" of Plaintiff's claims. *McGuckin*, 974 F.2d at 1055. The Complaint was dismissed because the Complaint failed to specify "which defendants are liable to the plaintiff for which wrongs." (ECF No. 21 at 7) (citing *In re Tevis*, No. ADV. 08-2004, 2011 WL 7145712, at *8 (B.A.P. 9th Cir. Dec. 9, 2011)). The Court also explained the deficiencies of each claim.

With respect to Plaintiff's intentional non-disclosure claim, the Court found that the language of Plaintiff's deed of trust "allowed Defendants to sell the note or a partial interest in the note" and noted that the deed of trust permitted sale "without prior notice to Borrower."[2] (ECF No. 21 at 9). The Court does not find clear error in dismissing

---

[2] The elements of a cause of action based on intentional non-disclosure, or "fraud and deceit based on concealment[,] are: (1) *the defendant must have concealed or suppressed a material fact*, (2) *the defendant must have been under a duty to disclose the fact to the plaintiff*, (3) *the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff*, (4) *the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the*

1 this claim without prejudice.

2 With respect to Plaintiff's missing recorded documents claim, the Court found that Plaintiff had failed to set forth sufficient facts specifying the recordings allegedly missing or the law allegedly violated. Federal Rule of Civil Procedure 8(a) requires "a short plain statement of the claim *showing that the pleader is entitled to relief*" in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2) (emphasis added); *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544. The Court does not find clear error in dismissing this claim without prejudice.

## IV. Conclusion

IT IS HEREBY ORDERED that the Motion for Leave to Amend (ECF No. 26) is GRANTED. Plaintiff shall file a first amended complaint within ten days from the date this Order is filed.

IT IS FURTHER ORDERED that the Motion for Reconsideration (ECF No. 30) is DENIED.

DATED: April 16, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

*concealed or suppressed fact*, and (5) *as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage*." *Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007) (quoting *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13 (1992)) (emphasis added).