1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    JULIE ELICE FONTAINE,                          CASE NO. 14cv1944-WQH-
                                                       DHB
12                                   Plaintiff,
              vs.                                      ORDER
13
      BANK OF AMERICA, N.A., a/k/a
14    FIRST MAGNUS FINANCIAL
      CORPORATION, A DIVISION OF
15    BANK OF AMERICA, N.A. and f/k/a
      FIRST MAGNUS FINANCIAL
16    CORPORATION; THE BANK OF
      NEW YORK MELLON f/k/a THE
17    BANK OF NEW YORK AS
      TRUSTEE FOR THE
18    CERTIFICATEHOLDER OF
      CWMBS, INC. CHL MORTGAGE
19    PASS THROUGH TRUST 2006-3,
      MOTGAGE PASS THROUGH
20    CERTIFICATE SERIES 2006;
      MERSCORP HOLDINGS, INC;
21    MORTGAGE ELECTRONIC
      REGISTRATION SYSTEMS, INC.
22    (MERS); RECONTRUST
      COMPANY, N.A.; CLEAR RECON
23    CORP; and DOES 1 through 10
      inclusive,
24
                                     Defendants.
25    HAYES, Judge:

26          The matters before the Court are: (1) the Motion to Dismiss Plaintiff's First

27    Amended Complaint (ECF No. 67) filed by Defendants Bank of America, N.A.

28    (erroneously sued as Bank of America, N.A. a/k/a First Magnus Financial Corporation,

a Division of Bank of America, N.A. and f/k/a First Magnus Financial Corporation), the Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of the CWMBS, Inc. CHL Mortgage Pass Through Trust 2006-3, Mortgage Pass Through Certificate Series 2006, Mortgage Electronic Registration Systems, Inc. (appearing for itself and MersCorp Holdings, Inc.), and ReconTrust Company, N.A.; (2) the Motion to Dismiss First Amended Complaint (ECF No. 68) filed by Defendants Clear Recon Corp; and (3) the Motion to Strike Defendants' Motion to Dismiss (ECF No. 74) filed by Plaintiff.

## I.   Background

On August 20, 2014, Plaintiff initiated this action by filing a Complaint against Defendants Bank of America, N.A., The Bank of New York Mellon, Merscorp Holdings, INC., Mortgage Electronic Registrations Systems, Inc ("MERS"), ReconTrust Company, N.A., Clear Recon Corp., and Does 1 through 10. (ECF No 1).

On October 20, 2014, Defendants Bank of America, N.A., The Bank of New York Mellon, MERS, and ReconTrust Company filed a motion to dismiss Plaintiff's Complaint. (ECF No. 13). On November 24, 2014, Defendant Clear Recon Corp. filed a Notice of Joinder to Defendants' Motion to Dismiss Plaintiff's Petition adopting and incorporation the contents of the Defendants' Motion to Dismiss. (ECF No. 18). On January 7, 2015, the Court issued an Order granting Defendants' motion to dismiss for failure to comply with Rule 8(a). (ECF No. 21). The Order further dismissed Plaintiff's first, second, fourth, fifth, and sixth claims for additional independent reasons.

On June 25, 2015, Plaintiff filed the First Amended Complaint, adding Shellpoint Mortgage Servicing as a Defendant. (ECF No. 64). On July 13, 2015, Defendants Bank of America, N.A., The Bank of New York Mellon, MERS, and ReconTrust Company, N.A. filed the Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 67). On July 14, 2015, Defendant Clear Recon Corp. filed the Motion to Dismiss First Amended Complaint. (ECF No. 68). On August 3, 2015, Plaintiff filed

the Motion to Strike Defendants' Motion to Dismiss.  (ECF No. 75).  On August 10, 2015, Defendants Bank of America, N.A., The Bank of New York Mellon, MERS, and ReconTrust Company, N.A. filed a reply (ECF No. 76) and a response in opposition to Plaintiff's motion to strike.  (ECF No. 77).  On August 11, 2015, Defendant Clear Recon Corp. filed a reply.  (ECF No. 78).

## II.    Allegations of First Amended Complaint

"... Julie E. Fontaine whose property address is 909 Glendor Drive, Oceanside, CA 92057 ... allegedly signed a Note in favor of First Magnus Financial Corp. on November 17, 2005." (ECF No. 1 ¶ 1).  "This loan was identified in multiple classes of the CHL Mortgage Pass-Through Trust 2006-3 (hereinafter "CWHL-2006-3"), which has a Closing Date of January 31, 2006.  The loan is being serviced by Shellpoint Mortgage Servicing." *Id*.

"Multiple classes of the CWHL-2006-3 Trust own the Fontaine Intangible Obligation." *Id*. ¶ 13.  "However the transfer of rights to either of the two tangible parts of the security instrument that evidence the Fontaine Intangible Obligation from First Magnus Financial Corp. to multiple classes of the CWHL-2006-3 Trust is not memorialized in the Official Records of the San Diego County Recorder's Office in a manner which observes United States Code." *Id*.  "Under the Consumer Credit Protection Act Title 15 USC Chapter 41 § 1641(g): any transfers of the Fontaine Mortgage Loan to multiple classes of the CWHL-2006-3 Trust would be in violation of Federal Statute, if those transfers had not been recorded in the Official Records of the San Diego County Recorder's Office within 30 days along with notification of Julie E. Fontaine that the transfers had occurred." *Id*. ¶ 14.  "As there are no recorded assignments of the Fontaine Deed of Trust to multiple classes of the CWHL-2006-3 Trust within 30 days of November 17, 2005, either there has been a violation of Federal Law or multiple classes of the CWHL-2006-3 Trust, who are the owners of the Fontaine Intangible Obligation, are not the owners of either the Fontaine Note or the Fontaine Deed of Trust." *Id*.

"For all three parts of the Fontaine Mortgage Loan as a whole to have been transferred into the CWHL-2006-3 Trust there is a chain of entities through which the Fontaine Deed of Trust must be assigned and the Fontaine Note must be indorsed." *Id.* ¶ 22. "Moreover, these assignments were to all be recorded in the Official Records of the San Diego County Recorder's Office as per the PSA for the CWHL-2006-3 Trust." *Id.* ¶ 23. "No evidence is available to evidence negotiations of the Fontaine Note to multiple classes of the CWHL-2006-3 Trust." *Id.* ¶ 18. "Any electronic transfers of the Fontaine Deed of Trust that may have been execute without recording within the Official Records of the San Diego County Recorder's Office are void under Uniform Electronic Transactions Act (UETA) USC § 15-96-1-7003...." *Id.* ¶ 24.

"The written agreement that created the CWHL-2006-3 Trust is a 'Pooling & Servicing Agreement' (PSA) dated January 01, 2006...." *Id.* ¶ 26. "The CWHL-2006-3 Trust by its terms set a 'CLOSING DATE' of (on or about) January 31, 2006." *Id.* "The Fontaine Note in this case did not become CWHL-2006-3 Trust property in compliance with this requirement set forth in the PSA." *Id.*

"There is a document purporting to be an 'Assignment of Deed of Trust', dated August 12, 2011 and filed in the Official Records of the San Diego County Recorder's Office on August 19 ... where MERS grants, assigns, and transfers to The Bank of New York Mellon FKA The Bank of New York, as trustee for the certificateholders of CWMBS Inc." *Id.* ¶ 31. "[T]he filing of this document purporting to be an "Assignment of Deed of Trust" did not and does not assign/convey any legal rights to enforce the Fontaine Note." *Id.* ¶ 32

"There is a document purporting to be a 'Substitution of Trustee', dated October 14, 2011 and filed in the Official Records of the San Diego County Recorder's Office on October 17, 2011 ... where The Bank of New York Mellon FKA The Bank of New York, as trustee for the certificateholders of CWMBS Inc. CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates Series 2006-3, by its AIF Bank of America N.A. removes Chicago Title Company as Trustee and substitutes

Recontrust Company N.A. as Trustee of a Deed of Trust dated November 17, 2005...."
*Id.* ¶ 61.  "[The] document purporting to be an 'Assignment of Deed of Trust dated August 12, 2011 is invalid, as the Assignment of Deed of Trust did nothing to transfer any right or interest in the Fontaine Deed of Trust to the Assignee, The Bank of New York Mellon."  *Id.* ¶ 62.  "As no rights or interests in the Fontaine Deed of Trust have been transferred to The Bank of New York Mellon, neither The Bank of New York Mellon nor any of its agents have any right to substitute Recontrust Company N.A. as Trustee to the Fontaine Deed of Trust.  With neither The Bank of New York Mellon nor any of its agents having any right to substitute Recontrust Company N.A. as Trustee to the Fontaine Deed of Trust, the document purporting to be a 'Substitution of Trustee' dated October 14, 2011 is invalid as a Substitution of Trustee."  *Id.*

> Plaintiff asserts that:
>
> Defendants, *et al.*, violated 15 USC Chapter 41 § 1641(g) and did not disclose the new creditor as required by law.
>
> Defendants, *et al.*, violated USC § 15-96-1-7003 and did not execute the proper recordings as required by law.
>
> The misfeasance, malfeasance and nonfeasance by the Defendants, *et al.*, have slandered title to the Plaintiffs property.

*Id.* ¶¶ 87-89.

## III.   Motion to Strike

Plaintiff's Motion to Strike requests the Court to "deny in its entirety the Defendants Motion to Dismiss" and "strike as moot Defendants' Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's First Amended Complaint."  (ECF No. 75 at 9-10).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  The Federal Rules of Civil Procedure allow only the following pleadings: a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer.  *See* Fed. R. Civ. P. 7(a).

1   Plaintiff has not identified any authority for striking Defendants' Request for Judicial
2   Notice.  Plaintiff's motion is denied.

3   **IV.     Motion to Dismiss**

4           **A.      Legal Standard**

5           Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state
6   a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "A pleading that
7   states a claim for relief must contain ... a short and plain statement of the claim showing
8   that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule
9   12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient
10  facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d
11  696, 699 (9th Cir. 1990).

12          "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief"
13  requires more than labels and conclusions, and a formulaic recitation of the elements
14  of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
15  (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must
16  accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662,
17  679 (2009).  "Courts have a duty to construe  pro se pleadings liberally, including pro
18  se motions as well as complaints."  Bernhardt v. Los Angeles County, 339 F.3d 920,
19  925 (9th Cir.2003).  However, a court is not "required to accept as true allegations that
20  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."
21  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a
22  complaint to survive a motion to dismiss, the non-conclusory factual content, and
23  reasonable inferences from that content, must be plausibly suggestive of a claim
24  entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.
25  2009) (quotations omitted).

26          **B.      Analysis**

27  **Rule 8(a)**

28          "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short

and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The complaint must include "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991).  "Something labeled a complaint ... yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).  "When a plaintiff asserts multiple claims against multiple defendants, this fair notice standard requires that the allegations in the complaint must show which defendants are liable to the plaintiff for which wrongs." *In re Tevis*, No. ADV. 08-2004, 2011 WL 7145712, at *8 (B.A.P. 9th Cir. Dec. 9, 2011).

Defendants contend that the FAC should be dismissed because "Defendants are not on sufficient notice of the acts in which they are alleged to have engaged in," and "it is unclear which laws or standards have been violated, and how they have allegedly been violated." (ECF No. 67 at 9).  Defendants contend that the "FAC fails in any way to state any proper elements of any cause of action; it is simply a quagmire of statements drawn together...." *Id*.  Defendants further contend that Plaintiff's FAC is flawed because it lumps all Defendants together and fails to specify specific actions by each of them.  Defendant Clear Recon Corp contends that Plaintiff's FAC is wholly deficient under Rule 8(a).  Plaintiff does not address these contentions in her Motion to Strike.  *See* ECF No. 75.

Plaintiff's FAC consists of a series of bolded headings followed by dense paragraphs of indefinite allegations.  Plaintiff's FAC fails to identify violations of law allegedly committed by Defendants, with the exception of references to violations of two federal statutes.   With respect to the two federal statutes referenced in Plaintiff's FAC, Plaintiff alleges violations by "Defendant's [sic], *et al.*, ..." (ECF No. 64 ¶¶ 87, 88).  Plaintiff's FAC does not indicate the alleged wrongful act performed by each Defendant, preventing Defendants from responding to the allegations.  The Court

concludes that Plaintiff has failed to comply with Rule 8.  Defendants' motions to dismiss the Complaint pursuant to Rule 8 are granted.  In addition, the two cognizable claims alleged by Plaintiff warrant dismissal for additional reasons discussed below.

**Violation of the Truth in Lending Act ("TILA")**

Plaintiff alleges that "Defendants, *et al*., violated 15 USC Chapter 41 § 1641(g) and did not disclose the new creditor as required by law." (ECF No. 64 at 37).  Plaintiff alleges that:

> Under the Consumer Credit Protection Act Title 15 USC Chapter 41 § 1641(g): any transfers of the Fontaine Mortgage Loan to multiple classes of the CWHL-2006-3 Trust would be in violation of Federal Statute, if those transfers had not been recorded in the Official Records of the San Diego County Recorder's Office within 30 days along with notification of Julie E. Fontaine that the transfers had occurred. As there are no recorded assignments of the Fontaine Deed of Trust to multiple classes of the CWHL-2006-3 Trust within 30 days of November 17, 2005, either there has been a violation of Federal Law or multiple classes of the CWHL-2006-3 Trust, who are the owners of the Fontaine Intangible Obligation, are not the owners of either the Fontaine Note or the Fontaine Deed of Trust.

(ECF No. 64 ¶ 14).  Defendants contend that Plaintiff's TILA claim is barred by the statute of limitations.  See ECF No. 67 at 16, ECF No. 68-1 at 21-22.  Plaintiff does not address Defendants' contentions in her Motion to Strike.  *See* ECF No. 75.

In *King* v. California, 784 F.2d 910 (9th Cir. 1986), The Court of Appeals held:

> [T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but ... the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.  Therefore, as a general rule the limitations period starts at the consummation of the transaction.  The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*King*, 784 F.2d at 915.  "Equitable tolling is generally applied in situations where the claimant ... has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) (quotation omitted).

The transaction at issue was consummated on November 17, 2005.  Plaintiff

initiated this action on August 20, 2014, after the one-year limitations period had expired. (ECF No. 1). The Court finds that Plaintiff's TILA claim falls outside of the one year limitations period. The Complaint fails to allege any facts to support equitable tolling in this case. Plaintiff's claim for violation of TILA is dismissed.

**Violation of the Uniform Electronic Transaction Act ("UETA")**

Plaintiff alleges that "Defendants, *et al*., violated USC § 15-96-1-7003 and did not execute the proper recordings as required by law." (ECF No. 64 at 37). "The misfeasance, malfeasance and nonfeasance by the Defendants, *et al*., have slandered title to the Plaintiff's property." *Id*.

Defendants contend that Plaintiff fails to allege facts to support a claim that Defendants violated the UETA. Defendants contend that Plaintiff vaguely asserts that Defendants "did not execute the proper recordings as required by law." (ECF No. 67 at 16, quoting ECF No. 64 ¶ 88). Defendants contend that Plaintiff fails to explain "how this statute even applies to the instant action," and "in no way explains or details how Defendants are alleged to have violated the statute." *Id*. at 16.

Sections 7001 and 7003, together, do not provide Plaintiff a cause of action against Defendants.

15 U.S.C. § 7001 states:

(a) In general

Notwithstanding any statute, regulation, or other rule of law (other than this subchapter and subchapter II of this chapter), with respect to any transaction in or affecting interstate or foreign commerce–

(1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and

(2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

15 U.S.C. § 7001. 15 U.S.C. § 7003 states:

(a) Excepted requirements

The provisions of section 7001 of this title shall not apply to a contract or other record to the extent it is governed by–

(3) the Uniform Commercial Code, as in effect in any State, other than sections 1-107 and 1-206 and Articles 2 and 2A.

15 U.S.C. § 7003.

The sections of the statute cited by Plaintiff establish that a contract or record that is governed by the "Uniform Commercial Code, as in effect in any State, other than sections 1-107 and 1-206 and Articles 2 and 2A" are excepted from the general rule of section 7001 that "a contract relating to [any transaction in or affecting interstate or foreign commerce] may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation." *See* 15 U.S.C. § 7001, 7003.

To the extent Plaintiff cites 15 U.S.C. §§ 7001 and 7003 in an effort to show that the assignment of Plaintiff's Deed of Trust into the CHL Mortgage Pass-Through Trust 2006-3 Trust was invalid, Plaintiff's claim fails. Showing that the presumption of validity would not apply does not render the assignment void. *See Blackmore v. World Sav. Bank, F.S.B.*, 14-cv-00690-CW-DBP, 2015 WL 1002823 *4 (D. Utah March 5, 2015) ("Plaintiffs assume that if the presumption of validity does not apply, the document or signature becomes void. This is not so. Even if a document or signature is not entitled to the presumption of validity in Section 7001, it may remain valid. The statutes cited do not provide that an electronic signature deprived of the presumption of validity becomes void."). Plaintiff also fails to allege sufficient facts to show that the assignment was void.

To the extent Plaintiff cites 15 U.S.C. §§ 7001 and 7003 in an effort to show that the assignment of Plaintiff's Deed of Trust into the CHL Mortgage Pass-Through Trust 2006-3 Trust was invalid, Plaintiff lacks standing to challenge the securitization of the Deed of Trust. Borrowers who were not parties to the assignment of their deed—and whose rights were not affected by it—lacked standing to challenge the assignment's validity. *See Marques v. Fed. Home Loan Mortg. Corp.*, No. 12-CV-2373-GPC, 2012 WL 6091412, at *4 (S.D. Cal. Dec. 6, 2012) ("District courts have held that borrowers who were not parties to the assignment of their deed—and whose rights were not

affected by it—lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment.") (internal citations omitted); *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor [in] the loan trust."); *Nguyen v. Bank of Am. Nat'l Ass'n*, No. 11-CV-03318-LHK, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011) ("[C]ourts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor with a cause of action."). Plaintiff's UETA claim is dismissed.

## V.    Conclusion

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (ECF Nos. 67, 68) are GRANTED.  Plaintiff may file a motion for leave to amend complying with Local Rule 15.1(b) within thirty (30) days of this Order.  If no motion is filed, Clerk will close the case.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (ECF No. 75) is DENIED.

DATED:  August 21, 2015

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge